**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DEEP WEB, L.L.C.,**<br><br>  Plaintiff,<br><br>v.<br><br>**KAKAO CORPORATION**<br><br>  Defendant. | Civil Action No. 2:20-cv-139<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Deep Web, L.L.C. ("Plaintiff") makes the following allegations against Kakao Corporation. ("Defendant"):

**PARTIES**

1. Deep Web, L.L.C. is a Texas limited liability company with a principle place of business located at 13313 SE 51st St. Bellevue, WA 98006.

2. Kakao Corporation is a South Korea corporation organized with its principal place of business located at 242, Cheomdan-ro, Jeju-si, Jeju-do, 63309, South Korea.  Kakao Corporation may be served through the service of process provisions of The Hague Convention.

**JURISDICTION AND VENUE**

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE DEEP WEB PATENTS

6. On April 6, 2010, United States Patent No. 7,693,956 (the "'956 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Accessing Deep Web Information Using a Search Engine." A true and correct copy of the '958 Patent is attached hereto as Exhibit A.

7. Plaintiff is the owner by assignment of the '956 Patent, with all rights in and to that patent.

8. Michael Z. Moricz and John R. Kasha, Jr. are listed as listed as the inventors of the '956 Patent.

9. The '956 Patent is valid and enforceable.

10. At the time of the invention, the '956 Patent recognized problems with existing search engines indexing the information found on static web pages. Exhibit A at 1:22-24. Typically, existing search engines saved the URL of the web page as well as one or more keywords from the text of the web page. *Id.* at 1:25-28. Deep web information is not typically contained on static web pages, but rather produced in response to a specific query by a user and results in dynamic web pages. Search engines themselves are deep websites. *Id.* at 31-35. Because of search engines' inability to provide deep web information, a user often finds himself not finding

the right information or having to re-enter the search criteria as query parameters of queries.  *Id.* 1:39-43.  The '956 Patent solves this problem by providing not only a search answer page that provides the relevant static web pages, but also the relevant dynamic web pages to be generated. *Id.* 2:11-16.  Furthermore, the '956 Patent contemplates taking a user to the indexed dynamic web page with the search criteria preserved.  *Id.* 2:16-20.

11.     On February 4, 2014, United States Patent No. 8,645,493 (the "'493 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Accessing Deep Web Information Using a Search Engine."  A true and correct copy of the '493 Patent is attached hereto as Exhibit B.

12.     Plaintiff is the owner by assignment of the '493 Patent, with all rights in and to that patent.

13.     Michael Z. Moricz is listed as listed as the inventor of the '493 Patent.

14.     The '493 Patent is valid and enforceable.

15.     Among other things, the '493 Patent calls for at least one of the search query answers to include at least one input means of a query answer page and the page to be dynamically generated by one of a subset of information locations in response to a query transmitted by the search engine via the network to the one of the subset of information locations.  Exhibit B at Claim 1.  The at least another one of the answers do not include any input means, wherein the at least another one of the answers is associated with a static information page that is not dynamically generated.  *Id*.

## COUNT I

## **INFRINGEMENT OF U.S. PATENT NO. 7,693,956**

16. Defendant, directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems that infringes claims 1 and 3 of the '956 patent, *i.e.*, the Daum search engine (search.daum.net) (the "Accused Instrumentalities").

17. Upon information and belief, Defendant has been and is now infringing claims 1 and 3 of the '956 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentalities, covered by one or more claims of the '956 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '956 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271(a).

18. When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 1 of the '956 Patent as they perform a computer implemented method comprising: receiving by a search service computer server on the Internet, from a client device having access to the Internet, a search request, wherein the search request includes one or more search criteria and directs the search service computing server to search the Internet for a plurality of information locations having information associated with the plurality of search criteria; and returning to the client device, in response to the search request, by the search service computing server, an answer page having a plurality of answers identifying a plurality of information locations on the Internet having information associated with the one or more search criteria, wherein at least a first of the answers associated with a first information page of a first information location having information associated with the search criteria does not include any input field displayed on the answer page, and at least a second of the answers associated with a second information page of a second information location having information associated with the

search criteria includes at least one input field displayed on the answer page, the input field being associated with the second information page; wherein the second answer is placed in the answer page either ahead of or at a side of the first answer; wherein the second answer including at least one input field further includes an index indexing to the second information location from which the input field is generated, the index including the one or more search criteria and a set of one or more associated parameters, and the set of one or more associated parameters including at least one parameter variable corresponding to the at least one input field.  *See* Exhibit C, Figs. 1-5;

19. When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 3 of the '956 Patent as it performs the method of claim 1, and further, wherein the method further comprises transmitting a query to the second information location with whose second information page the input field is associated, the query including one or more query parameters, and the one or more query parameters including at least one value input through the at least one input field.  *Id.* at Fig. 4.

20. As a result of Defendant's infringement of the '956 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,645,493

21. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems such as the Daum search engine (search.daum.net) (*i.e.*, the Accused Instrumentalities) that infringe claim 1 of the '493 Patent.

22. Upon information and belief, Defendant has been and is now infringing claim 1 of the '493 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,

by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentalities, covered by one or more claims of the '493 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '493 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '493 Patent pursuant to 35 U.S.C. § 271(a).

23.   When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 1 of the '493 Patent as they perform a method comprising: receiving from a client device through a network, by a search engine operated by a computing system, a search request, the search request including a plurality of search criteria; searching, by the search engine, through a plurality of indexes indexing information available on a plurality of information locations for information locations having information potentially associated with at least one of the plurality of search criteria, wherein the information locations include publicly networked information locations; and returning to the client device through the network, by the search engine, an answer page having a plurality of answers, based at least in part on a result of the searching, wherein the plurality of answers identifies a subset of the plurality of information locations having information potentially associated with at least a one of the plurality of search criteria, wherein at least one of the answers includes at least one input means of a query answer page, wherein the query answer page is to be dynamically generated by one of the subset of information locations in response to a query transmitted by the search engine via the network to the one of the subset of information locations, wherein the query includes at least one parameter value that is input by the user via the at least one input means, and wherein at least another one of the answers do not include any input means, wherein the at least another one of the answers is

associated with a static information page that is not dynamically generated.  Exhibit C at Figs. 1-5.

## CLAIM III
## INDUCED INFRINGEMENT

24. Upon information and belief, Defendant has been and is now inducing the infringement by its end users of the claims 1 and 3 of the '956 Patent and claim 1 of the '493 Patent (collectively, the "Inducement Claims") in the State of Texas , in this Judicial District, and elsewhere in the United States by, among other things, making, using, selling, and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff.  Defendant's end users are directly infringing, literally infringing, and/or infringing the Inducement Claims under the doctrine of equivalents.  Defendant is thus liable for infringement of the Inducement Claims pursuant to 35 U.S.C. § 271(b).

25. Defendant has had knowledge of at least the '956  and '493 Patents since at least the filing of this complaint.

26. By advertising, selling, instruction and providing the Accused Instrumentalities to end users wherein the Accused Instrumentalities infringe upon ordinary use by an end user, Defendant specifically intended to induce infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the Inducement Claims.  Defendant has had knowledge of the '956  and '493 Patents since the filing of this complaint, and actually induces others, such end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentalities within the United States.  Defendant is aware since the filing of this Complaint, that such actions would induce actual infringement

27. As shown above, Defendant have and continues to directly infringe the Inducement Claims by its end users in accordance with 35 U.S.C. § 271(b).

28. As shown above, Defendant and its end users have engaged in and currently engage in activities that constitute direct infringement of the Inducement Claims.

29. As shown above, the operation and use by Defendant or its end users of the Accused Instrumentalities constitutes direct infringement of the Inducement Claims.

30. Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentalities and providing instruction, advertisement of the infringing features, and support for the Accused Instrumentalities have induced and continues to induce Defendant's end users to use the Accused Instrumentalities in its normal and customary way to infringe the Inducement Claims.

31. Additionally, for example, in connection with the sale and/or offering for sale of the Accused Instrumentalities, Defendant provides instructions to end-use customers regarding the user and operation of the Accused Instrumentalities.  When end-users follow such instructions and support, they directly infringe the Inducement Claims.  Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the Inducement Claims.

32. Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the Inducement Claims and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## **PRAYER FOR RELIEF**

Plaintiff requests that the Court find in their favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '956 and '493 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.       Judgment that Defendant accounts for and pay to Plaintiff all damages and costs incurred by Plaintiff, caused by Defendant's infringing activities and other conduct complained of herein;

c.       That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.       That this Court declare this an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e.       That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury or any issues so triable by right.

DATED May 6, 2020.                                Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF**
**DEEP WEB L.L.C.**